■ SYLVIA MAIN et al., Respondents, v. PAUL PATINKA, Appellant.— Motion to dismiss appeal granted, by default, without costs. Foster. P. J.. Bergan, Coon and Gibson, JJ., concur.

## (February 8, 1958)

■ In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Appellant, against PAUL B. BUDOFF, Doing Business as SULLIVAN COUNTY WOOD PRODUCTS COMPANY, Respondent.— Motion to dismiss an appeal taken by the New York State Labor Relations Board from an order of Supreme Court, Sullivan County, on the ground that the order is purely interlocutory and

nonappealable. The order appealed from remanded the proceeding to the board for additional evidence, and new findings if such were warranted, apparently on the issue of jurisdiction, i.e., whether the respondent is engaged in interstate commerce beyond a *de minimis* involvement. No such issue was raised at the hearing or hearings before the board. Without prejudging the matter we think the order is at least appealable. Under subdivision 2 of section 707 of the State Labor Relations Act (Labor Law, art. 20) there is a question whether the Special Term had the right to make the order in the absence of extraordinary circumstances or a reasonable excuse for failure to raise the issue and produce evidence concerning the same at the hearing or hearings before the board. The issue as to whether such circumstances or reasonable excuse existed we should say is at least debatable. Under section 631 of the Civil Practice Act an appeal may be taken from any order in a special proceeding which affects a substantial right. On the face of the situation disclosed here the order involved would appear to affect a substantial interest of petitioner-appellant, and under familiar rules of construction this must be deemed the equivalent of a substantial right. Motion to dismiss appeal denied, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.